### KIRKPATRICK v. McBRIDE.†

(Circuit Court of Appeals, Fourth Circuit. November 22, 1912.)

#### No. 1,106.

1. EQUITY (§ 339*)—ANSWER AS EVIDENCE—RESPONSIVENESS.

Under equity rule 41 (29 Sup. Ct. xxx), where answer under oath is not waived by the bill, responsive averments in an answer under oath are evidence for the defendant, and the application of the rule is not affected by a state statute excluding testimony of a party as to personal transactions with a person deceased, etc., but averments of the answer which are not responsive, or which tend to establish a defense by way of avoidance, are not evidence for the defendant.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 685–696, 703–705, 710, 714; Dec. Dig. § 339.*]

2. EXECUTORS AND ADMINISTRATORS (§ 134*)—ESTATE—LEASEHOLDS.

A lease for a term of years not shown to have run to the heirs and assigns of the lessee does not inure to the benefit of his heirs or devisees on his death.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 550; Dec. Dig. § 134.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† For opinion on rehearing, see 203 Fed. 449.

3. EQUITY (§ 345*)—ANSWER AS EVIDENCE—PROOF TO OVERCOME.

The evidence in behalf of a defendant afforded by the averments of a sworn answer, required by, and responsive to, the allegations of the bill, may be overcome by facts and circumstances alone without the testimony of a witness.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 715–724; Dec. Dig. § 345.*]

4. LANDLORD AND TENANT (§ 18*)—EVIDENCE AS TO RELATION AND TERMS OF TENANCY—SUFFICIENCY.

Evidence considered, and *held* to entirely negative the claims of a tenant as to the terms of the tenancy and the property included therein as against the devisee of the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 45–48; Dec. Dig. § 18.*]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

Suit in equity by Harriet Elizabeth McBride against Emma Jane Kirkpatrick. Decree for complainant, and defendant appeals. Affirmed.

This is an appeal from a decree entered in the District Court of the United States for the Northern District of West Virginia. The suit was instituted by Harriet Elizabeth McBride in her own right and as executrix of the will of her husband, Leander McBride, deceased, against Emma Jane Kirkpatrick for an accounting of all financial dealings between Leander McBride and Emma Jane Kirkpatrick and for delivery to the said Harriet Elizabeth McBride, as executrix of the last will and testament of Leander McBride, and as the sole devisee under said will, of all property, real, personal, and mixed, in the possession of Emma Jane Kirkpatrick, situate at Brookside, in the county of Preston, in the state of West Virginia.

It appears from the testimony that prior to 1900 Leander McBride, husband and testator of the appellee in this cause, a resident of the city of Cleveland, and the state of Ohio, was engaged in the wholesale dry goods business under the firm name of Root & McBride Company, of which he was president; that at that time he purchased a 4-acre tract of land situate in the county of Preston, W. Va., on which is situated a cottage known as "Gaymont," and this piece of property was conveyed to Mrs. McBride; that he spent his summers in this cottage with his family; that about 1900 a large portion of the surrounding property was owned by a man by the name of Wright; that it had reached a bad state of repair, and being adjacent to the property of McBride, its condition was such as to depreciate the value of the property owned by McBride. It appears that McBride received a letter from one Roger Kirkpatrick, the deceased husband of the appellant in this cause, in which it was suggested that the Wright property could be purchased at a reasonable figure, put in repair, and that by so doing it would be advantageous to the property owned by McBride. As a result of the negotiations the property was purchased by Kirkpatrick with money furnished by McBride, and, in pursuance of an agreement, the property was duly transferred by deed of conveyance to McBride and McBride continued to be the owner until the date of his death, when, by the terms of the will, it passed in due course to the appellee in this action.

The principal matter in controversy in this action relates to what is known as the Brookside Farm, consisting of about 400 acres lying adjacent to the property known as "Gaymont," it being the property to which we have referred as having been purchased by Kirkpatrick for McBride. It consists of a dairy farm on which is located a barn for the stabling of cows, a large number of milch cows, all the necessary equipment for dairy purposes, and other domestic animals. There is also said to be on this property 10 cottages, and a large cottage known as a hotel, containing a dining room and kitchen maintained for the purpose of furnishing board to transient guests for charge who

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may from time to time visit the place as a summer resort. Soon after Mc-Bride acquired this property, Roger Kirkpatrick died, leaving his widow, Emma Jane Kirkpatrick, who went on the premises, and has been there continuously until the present. It is alleged in the bill that her occupancy was by virtue of a tenancy from year to year, and that she had from time to time yearly leases from the said McBride on the buildings and personal property therein described. Among other things, she specifically denies that she "had for several years taken, from time to time, yearly leases from the said Leander McBride of the real property and the buildings heretofore referred to, and also the personal property hereinbefore referred to, including the machinery, tools, wagons, carriages, horses, cattle, chickens, and ducks referred to." And further denies that she procured in the spring of 1908 a lease from Leander McBride for the term of one year to said property, and that, in consideration of the services rendered McBride in acquiring the property in question, the said McBride executed a lease for the premises to the said Kirkpatrick, containing the usual terms and conditions, and that the said lease was for a period of 25 years from the 1st day of May, 1900, and that the yearly rental agreed to be paid by Kirkpatrick was $1,000, and that after the execution and delivery of said lease Kirkpatrick entered into possession of the premises and continued in possession of the same until he contracted an illness and departed this life on the 29th day of March, 1900, that, shortly before the death of Roger Kirkpatrick. Leander McBride was present in Philadelphia, and it was thereupon agreed by and between Kirkpatrick and Leander McBride that the respondent should become the tenant under the said lease as the sole heir at law of the said Roger Kirkpatrick, etc. This allegation is denied by the appellee, and thus the principal issue is raised.

The answer also contains a denial of the allegations of the bill, and in part contains averments of new matter by way of defense and avoidance. The appellant in the same manner also filed her cross-bill, alleging therein practically the same averments made by her in her answer and praying for affirmative equitable relief. A replication was filed to the answer of the appellant, and an answer was likewise filed by the appellee to the cross-bill of the appellant to which the appellant filed her replication.

It was adjudged by the court below that Emma Jane Kirkpatrick was entitled to have a lease for the term of 25 years beginning on the 1st day of May, 1900, and continuing for the remainder of the 25 years, which have not yet elapsed, and ending April 20, 1925, and that the lease should include the hotel and cottages, other than Gaymont, now situate upon the said real property, but should not include any of the other part of the real estate formerly belonging to Leander McBride, nor any of the things situated upon or connected therewith. The decree also makes provision for the payment of $1,000 a year rental, and also decrees the recovery of past due rent amounting to $2,000, from which decree this appeal was taken.

Charles H. Burr, of Philadelphia, Pa. (William H. Cochran and Nelson C. Hubbard, of Wheeling, W. Va., on the brief), for appellant.

Henry M. Russell, of Wheeling, W. Va., and Thos. M. Kirby, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and SMITH, District Judge.

PRITCHARD, Circuit Judge (after stating the facts as above). The principal question to be determined here is as to whether the court below erred in failing to find from the evidence that the defendant had any interest in the farm property and limiting the lease to the hotel and cottages alone, and that the complainant was the owner and entitled to the possession of the farm property known as "Brookside," includ-

ing the barns, farming machinery, tools, wagons, horses, cattle, and other things situated upon the same.

While the decree provides that Mrs. Kirkpatrick shall have a lease for 25 years on the hotel and cottages other than Gaymont now situated upon the said real property, it does not include or cover any of the other part of the said real estate formerly belonging to the said Leander McBride, nor any of the things situated upon or connected therewith, yet no cross-appeal was taken to the ruling of the lower court in this respect. Therefore, we are only concerned with that part of the decree which adjudicates that the complainant is the owner, and "entitled to the possession of all other portions of said property known as Brookside apart from the said hotel and cottages covered by the said lease and including Gaymont."

[1] It is insisted by counsel for the defendant that inasmuch as the bill did not waive answer under oath, and the defendant having answered under oath of her own personal knowledge, her answer amounted to evidence in her behalf which could only be overcome by the evidence of two witnesses or the evidence of one witness and corroborating circumstances. On the other hand, counsel for the complainant insists that the answer of the defendant cannot be treated as evidence owing to the provision of section 3945 of the Code of West Virginia (1906), which, among other things, provides as follows:

"No person offered as a witness in any civil action, suit, or proceeding, shall be excluded by reason of his interest in event of the action, suit or proceeding, or because he is a party thereto except as follows:

"No party to an action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, deceased, insane, or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such person, or the assignee or committee of such insane person or lunatic. But this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, survivor, or committee shall be examined on his own behalf, nor as to which the testimony of such deceased person or lunatic shall be given in evidence. * * *"

It cannot be reasonably contended that this statute can be construed so as to abrogate that portion of equity rule No. 41 (29 Sup. Ct. xxx), which relates to this subject.

The complainant by failing to waive answer under oath thereby invited the defendant to testify as to the transactions involved in this controversy. In other words, the very nature of the bill rendered it necessary for the defendant to testify as to those matters alleged in the bill. Under these circumstances, is it unreasonable to assume that the complainant in this instance did not waive any right she may have had to object to the evidence of the defendant under the statute in question. To say the most of it, the court below erred in refusing to treat as evidence those averments of the answer that were responsive to the allegations of the bill; but we are of the opinion that this was harmless error as will hereafter appear.

It is well settled that responsive averments in an answer under oath, where the same are not waived by the bill, must be treated as evidence in behalf of the defendant. Amendment to equity rule No. 41 reads as follows:

"If the complainant, in his bill, shall waive an answer under oath, or shall only require an answer under oath with regard to certain specified interrogatories, the answer of the defendant, though under oath, except such part thereof as shall be directly responsive to such interrogatories, shall not be evidence in his favor, unless the cause be set down for hearing on bill and answer only; but may nevertheless be used as an affidavit, with the same effect as heretofore, on a motion to grant or dissolve an injunction, or on any other incidental motion in the cause; but this shall not prevent a defendant from becoming a witness in his own behalf under section 3 of the Act of Congress of July 2, 1864."

Thus it will be seen that, under this rule, only such averments of the answer under oath as are responsive to the allegations of the bill shall be admitted as evidence in behalf of the defendant.

1 Beach, Modern Equity Practice, § 366, provides as follows:

"An answer which contains facts which are not responsive to any allegation or interrogatories in the bill is not evidence for the defendant, but the facts must be established by independent proof."

Also section 367 of the same work contains the following:

"Such facts as tend to constitute a defense by way of avoidance will not be considered, unless established by proof."

· Applying the rule that only those averments that are responsive to the allegations of the bill are admissible as evidence, it appears from an inspection of the pleadings in this cause that such allegations contained therein, together with the oral and documentary testimony offered by the defendant, are not sufficient to establish the fact that Leander McBride during his lifetime executed a 25-year lease on the property in question. In other words, taken as a whole, there is not sufficient legal evidence to support the contention that the lease was executed.

[2, 3] However, it is contended by the defendant that after the death of her husband, to whom she alleges the lease was given she had a conversation with Leander McBride at which time he agreed that she could remain upon the property under the 25-year lease which he had given to her husband during his lifetime. The lease, according to the contention of the defendant, was a lease to the defendant's husband for a term of 25 years, but there is no evidence to show that such lease was given to Kirkpatrick and his heirs. Such being the case, even if there had been sufficient evidence to establish the lease, Mrs. Kirkpatrick could not claim any rights thereunder and any verbal lease to her for 25 years would be void under the statute of frauds. She would be precluded from setting up a lease of this character which, upon her own showing, was not reduced to writing, but was simply a verbal promise on the part of the lessor. There are many facts and circumstances in this cause that tend to contradict the theory of the defendant as to the term of the lease upon which she relies. Even if the averments of the answer were such as tended to establish the existence of a lease, such evidence could be refuted by facts and

circumstances alone without the aid of the positive testimony of a single witness. In the case of Snow v. Hazlewood, 157 Fed. 898, 86 C. C. A. 226, the Circuit Court of Appeals for the Fifth Circuit disposes of this question, among other things, in the following language:

"In reaching our conclusion we have not overlooked the sworn answers of Hazlewood and Campbell to the interrogatories of the bill, to the effect that there was no agreement between them prior to the sale that Hazlewood was to have any interest in the purchase from Mrs. Snow; nor have we been unmindful of the general equity rule that, where the defendant on complainant's requirement has answered under oath interrogatories propounded by the plaintiff, the answers are to be taken as true, unless contradicted by two witnesses or one witness supported by strong corroborative circumstances. We find that the answers of Hazlewood and Campbell are not only contradicted by admitted documentary evidence which unexplained is conclusive on the subject-matter of the answers, but by so many facts and circumstances that we may well apply the exception to the above-mentioned equity rule announced in Clark's Executors v. Van Riemsdyk, 9 Cranch, 153, 3 L. Ed. 688, approved in Bowden v. Johnson, 107 U. S. 262, 2 Sup. Ct. 255, 27 L. Ed. 386, where it is said: 'This case, on the whole, is brought within the principle asserted by Mr. Chief Justice Marshall, speaking for this court, in Clark's Executors v. Van Riemsdyk, 9 Cranch, 153, 3 L. Ed. 688, as a case where the evidence arising from circumstances is stronger than the testimony of any single witness. Greenleaf states as a rule that the sufficient evidence to outweigh the force of an answer may consist of one witness, with additional and corroborative circumstances, which circumstances may sometimes be found in the answer itself; or it may consist of circumstances alone, which, in the absence of a positive witness, may be sufficient to outweigh the answer even of a defendant who answers of his own knowledge. 3 Greenleaf on Evidence, § 289.'"

See, also, Commercial Bank v. Reckless, 5 N. J. Eq. 650; Morris v. White, 36 N. J. Eq. 324; Long v. Kinkel, 36 N. J. Eq. 359; Veile v. Blodgett, 49 Vt. 270.

[4] The circumstances surrounding this transaction are such that, while it appears that Mrs. Kirkpatrick was there and had the management and control of the hotel, yet her statements as to the lease are entirely inconsistent with the actions of both when McBride was alive. Among other things, the complainant produced vouchers and testimony showing that McBride during his lifetime and up to the time of his death had paid out the sum of approximately $130,000 for the purchase of live stock and other matters, with the current and operating expenses of the farm. The bills of sale and receipts being bought by him personally as done on his behalf at the very time that Mrs. Kirkpatrick was carrying on the business of operating the hotel. It is impossible to conceive that McBride would have paid the sum of $130,000 for all the current and operating expenses, as shown by the number of vouchers, checks, and exhibits produced, if Mrs. Kirkpatrick had been operating the same under a lease, and was entitled to the profits thereof. These facts and circumstances completely negative the idea that the farm and buildings were being used in connection with the company as an incident of any lease that may have existed upon Gaymont and the other property disposed of in the decree herein.

The learned judge who heard this case, as appears from the record, gave the matter careful consideration, and no doubt weighed every fact and circumstance affecting the rights of the parties, and after having done so found as a fact that the defendant did not have a lease

on the premises involved in this appeal. While, under the rule, this finding is not conclusive, yet it is entitled to great weight in determining this question. We have carefully considered the testimony offered by the defendant in all of its bearings, but fail to find sufficient legal evidence to show that the lease in question was ever executed by Leander McBride during his lifetime.

We are therefore of the opinion that the decree of the lower court should be affirmed.

Affirmed.