## KIRKPATRICK v. McBRIDE.

(Circuit Court of Appeals, Fourth Circuit. March 6, 1913.)

No. 1,106.

APPEAL AND ERROR (§ 1178*)—REVIEW—DISPOSITION OF CAUSE.

Where, in a suit between a tenant and a devisee of the landlord, the tenant relied on the effect of her sworn answer largely as testimony, both as to the existence of the lease and ownership of certain personal property claimed by her, while the devisee relied on the presumption arising from the large amounts paid by her ancestor for taxes, etc., and both parties in argument of an appeal expressed their ability to produce additional testimony which would substantiate their respective contentions, the court would modify the decree to the extent of opening the question of the ownership of the personal property and permitting each side to introduce additional testimony, subject to the condition that the answer of the tenant in the future consideration of the case should not be given any further force than if the bill had waived an answer under oath, and been so amended as to pray for an accounting.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

On rehearing. Modified and remanded for further proceedings. For former opinion, see 202 Fed. 144.

Before GOFF and PRITCHARD, Circuit Judges, and SMITH, District Judge.

PER CURIAM. An order for a rehearing of this cause was made at the last term, limited to the question of the ownership of the personal property involved in this controversy, and upon this order the cause has been reheard. The main question discussed at the first hearing was as to the error of the court below in its conclusions as to the lease claimed by the appellant; the appellant relying for her testimony, both as to the existence of the lease and the ownership of the personal property, mainly upon the effect of her sworn answer as testimony. The question of the ownership of the personal property does not seem to have been gone into on the argument with much detail as to specific articles. The one side relied upon the presumption arising from the large amounts paid by Mr. McBride, the payment of taxes, etc., and the appellant relied mainly on the effect claimed to be due to the statements in a sworn answer responsive to the bill, and the evidence in detail as to the ownership would seem in part subject to conflicting inferences. For these reasons, the court, upon the record as it now stands, finds it difficult to arrive at satisfactory conclusions, and, as both sides in argument express their ability to produce such additional testimony as will substantiate their respective contentions, the court conceives that it would be in the interest of justice to modify the de--

cree below to the extent of reopening the question as to the ownership of the personal property, and of permitting each side to introduce such additional testimony as they may be advised, so that the court below may upon the testimony now in the cause, with such additional testimony as may be introduced make a final decree as to the ownership of the property. As this is done upon the application of appellant, the court conceives that it is only proper that it should be done on condition that certain questions heretofore made that affect a full and final adjudication on this question should be eliminated. The answer of the appellant should, in the future consideration of this cause, not be given any further force and effect than if in the bill of complaint an answer under oath had been waived, and the bill shall be deemed amended so as to pray and require an accounting from the appellant, Mrs. Kirkpatrick, for the sums of money that may be proven to have been paid to her by Lee McBride prior to his death.

It is therefore ordered that so much of the decree of the Circuit Court of the United States for the Northern District of West Virginia as decrees that the complainant, Harriet Elizabeth McBride, is the owner and entitled to the possession of the personal property, to wit, the furniture and furnishings in the hotel and cottages at Brookside, including the farming machinery, tools, wagons, horses, cattle, and other articles, is hereby modified, and set aside as to so much thereof as is claimed by the defendant, Emma Jane Kirkpatrick, in her answer to the bill of complaint herein, and the cause is remanded to the District Court for the Northern District of West Virginia for the purpose of allowing the respective parties, in such manner and at such times as that court may prescribe, to put in such additional competent testimony as they may be advised upon the question of the ownership of the personal property as claimed in the said answer, and that said District Court do thereupon, upon the testimony in this cause and such additional testimony as may be introduced, proceed to a final decree upon such question; but that in the determination of the same the answer of the defendant, Emma Jane Kirkpatrick, shall have only such force and effect as if an answer under oath had been waived in the bill, and the complainant shall have leave to prove any sums of money that were paid to the defendant by Lee McBride during his lifetime, and require of her an accounting therefor, and the decree below is modified accordingly.

Modified.