## McBRIDE v. KIRKPATRICK.

(District Court, N. D. West Virginia. September 24, 1913.)

COURTS (§ 349*)—FEDERAL COURTS—RULES OF DECISION—CONSTRUCTION OF STATE STATUTE.

In determining the meaning or construction to be given to the words "personal transaction" and "communication," as used in Code W. Va. 1906, § 3945, prohibiting a witness to testify as to personal transactions or communications between herself and a person since deceased, the federal courts will be governed by the decisions of the Supreme Court of Appeals of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 925; Dec. Dig. § 349.*]

2. WITNESSES (§ 159*)—TRANSACTION WITH PERSON SINCE DECEASED—"PERSONAL TRANSACTIONS"—"COMMUNICATIONS."

The words "personal transactions" and "communications," used in Code W. Va. 1906, c. 130, § 23 (section 3945), prohibiting a party from testifying to personal transactions or communications with a person since deceased, should be given a broad and liberal construction, to exclude all evidence of work or labor performed or acts done by the party interested, or party to the suit, which would create or tend to create a liability against the estate or interests of such deceased person, etc.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 629, 664, 666–669, 671–682; Dec. Dig. § 159.*

For other definitions, see Words and Phrases, vol. 6, pp. 5365, 5366; vol. 2, p. 1342.]

3. EVIDENCE (§ 138*)—RELEVANCY.

Where, in a suit by an executrix against a tenant for years of a limited portion of testator's farm for an accounting, the tenant claimed cer-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain animals and personal property on the farm as having been purchased for herself, evidence showing her payment for other animals during her 12 years' occupancy of the farm, which animals were long since dead or consumed, was irrelevant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 414, 414½; Dec. Dig. § 138.*]

4. WITNESSES (§ 159*)—COMPETENCY—TRANSACTION WITH PERSON SINCE DE-CEASED.

Where, in a suit by an executrix against a tenant for years of a portion of testator's farm for an accounting, defendant claimed that she purchased certain animals and personal property for her own use, she was incompetent to testify, in explanation of checks executed and bills paid by her, and introduced in evidence to show that she made such purchases on her own account, and not as agent for testator, as such evidence would relate to personal transactions or communications between herself and decedent, concerning which she was disqualified to testify, by Code W. Va. 1906, § 3945.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 629, 664, 666–669, 671–682; Dec. Dig. § 159.*]

In Equity. Suit by Harriet Elizabeth McBride against Emma Jane Kirkpatrick. On motion to exclude testimony. Granted in part.

See, also, 203 Fed. 449, 120 C. C. A. 328.

Henry M. Russell, of Wheeling, W. Va., and Thomas M. Kirby, of Cleveland, Ohio, for plaintiff.

Wm. H. Cochran, of Philadelphia, Pa., for defendant.

DAYTON, District Judge. [1] It is substantially admitted that Mrs. Kirkpatrick is an incompetent witness under the West Virginia statute (Code 1906, § 3945), which must govern by virtue of the act of Congress of June 29, 1906 (34 Stat. at Large, 618 [U. S. Comp. St. Supp. 1911, p. 271]) amending section 858 of the United States Revised Statutes, as to "all personal transactions or communications" between her and decedent, Lee McBride; but her counsel insist that her testimony is free from this objection, for that it relates only to the identification of checks and bills given by and receipted to her for items of personal property bought of others and paid for by her. It becomes necessary for us to determine, therefore, the meaning or construction given the words "personal transaction" and "communication," as used in this statute. In doing this, we should be governed by the decisions of the Supreme Court of Appeals of the state. The question has been discussed in Hogg's Equity Procedure, vol. 1, §§ 524–527, and the West Virginia cases are there cited.

[2] As stated in the last section cited:

"A broad and liberal construction is given to the words 'personal transaction,' in order to carry into effect the true spirit and meaning of the law, and avoid the evils against which it was designed to guard."

It is further there stated that:

"The statute excludes all evidence of work or labor performed or acts done, given by the party interested or a party to the suit, which would create or

tend to create a liability against the estate or interests of such deceased or insane person, whether the work was performed in or about the presence of the deceased" (or otherwise).

[3] In Fouse v. Gilfillan, 45 W. Va. 213, 32 S. E. 178, and Poling v. Huffman, 48 W. Va. 639, 37 S. E. 526, it is held that the test of admissibility of such testimony is: "Does it tend to prove what the transaction was?" If it does it is inadmissible. In this case this court by its decree ascertained that Mrs. Kirkpatrick was a tenant for years of a limited portion of McBride's "Brookside" farm—that is, of the hotel and cottages, other than Gaymont—but not of any other portion of the real estate. This decree was affirmed by the Circuit Court of Appeals for this circuit. 202 Fed. 144, 120 C. C. A. 322. Certiorari was likewise refused by the Supreme Court. Subsequently, however, the Circuit Court of Appeals, upon rehearing, directed a modification of the original decree for two purposes, and two only: First, to permit the parties "to put in such additional *competent* testimony as they may be advised upon the question of the ownership of the personal property as claimed in the said answer [of Mrs. Kirkpatrick], and that said District Court do thereupon, upon the testimony in this cause and such additional testimony as may be introduced, proceed to a final decree upon such question"; and, second, to give leave to the complainant (Mrs. McBride) "to prove any sums of money that were paid to the defendant [Mrs. Kirkpatrick] by Lee McBride during his lifetime, and require of her an accounting therefor." 203 Fed. 449, 120 C. C. A. 328.

In obedience to that direction, this court has appointed an examiner to take the testimony tendered by the parties and report the same. The items of personal property, as set forth in Mrs. Kirkpatrick's answer, are not excessive in number nor their value great comparatively; nevertheless she has been introduced as a witness on her own behalf, and has been examined, to the extent of over 250 typewritten pages, largely about her payments for horses, cattle, pigs, chickens, and turkeys during the 12 years of her stay at Brookside—animals dead, consumed, and it would be supposed forgotten, long ago. For what purpose? Can it be assumed that such testimony can be relevant (to say nothing of its competency) to the determination of whether she is entitled to certain existing property claimed by her answer, the right to which alone her inquiry is, by the Circuit Court of Appeals ruling, restricted? Admit instantly that she purchased all this mass of poultry, pigs, sheep and cattle; that she executed these hundreds of checks therefor; that she paid these bills. What is there to show whether she did so for her own use in her conduct of the summer resort hotel or not? Whether she did so as agent for McBride or on her own account? How can she undertake to testify in explanation of these checks and bills paid by her without attempting to prove "what the transactions were" between herself and McBride, a thing she is incompetent under the statute to do? The items of personal property existing, claimed by her in her answer, are fully known; they have been inventoried and listed.

[4] It would seem to be an easy thing to take these items one by one, present any *competent* evidence showing her title thereto and pass on to another. If counsel have an idea that this court will undertake to make a settlement of all the mass of items, accounts, and transactions arising from Mrs. Kirkpatrick's conduct, for 10 or 12 years, of the summer hotel business at Brookside, of McBride's 10 or 12 years' conduct of the farming, dairy, poultry, and cattle business at Brookside, and also of the jumbled, intermingled, and confused joint conduct by both of these affairs, during all of which years no settlements are shown to have ever been attempted by them, they are entirely mistaken. This court does not so understand the Circuit Court of Appeals order, and will await further direction before undertaking such a practically impossible task. For the present I will direct that any and all checks, receipted bills, and paper evidence of title presented by Mrs. Kirkpatrick, that relate directly to any item of existing personal property claimed by her in her answer, remain as evidence in the record, excluding, however, her evidence in explanation thereof, so far as such explanation would tend to establish her right as against said decedent's estate to such property; this, on the ground of her incompetency to testify. Such testimony must be produced aliunde. This substantially takes her oral testimony, on both direct and cross examination, out of the record, and makes insistence upon the right to further cross-examination unnecessary.

I may add, however, in the interest of sound practice, that such authorities as Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, Thomson-Houston Electric Co. v. Jeffrey Mfg. Co. (C. C.) 83 Fed. 614, and 7 Standard Proc. 311, 312, are conclusive in condemnation of counsel's right to instruct his witness to refuse to answer questions on cross-examination, on the ground that such questions are immaterial and irrelevant; also that Caldwell v. Prindle, 11 W. Va. 307, settles the question that when a witness, incompetent under the statute we have been considering, has been called and examined under objection, the cross-examination or the recall for further examination of such witness by the opposing party does not either waive the disability nor render the evidence admissible.