### KIRKPATRICK v. McBRIDE.

(Circuit Court of Appeals, Fourth Circuit. June 2, 1916.)

#### No. 1400.

DEPOSITIONS ⊜83(3)—REFUSAL TO ANSWER—EXCLUSION OF TESTIMONY.

Where a witness refuses to answer pertinent questions, stating she acts on advice of counsel, thus evading proper inquiry, her whole testimony may be stricken.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 221; Dec. Dig. ⊜83(3).]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

Suit by Harriet Elizabeth McBride against Emma Jane Kirkpatrick. From decree for complainant (207 Fed. 893), defendant appeals. Affirmed.

Monroe Buckley, of Philadelphia, Pa. (Charles H. Burr, of Philadelphia, Pa., on the brief), for appellant.

T. M. Kirby, of Cleveland, Ohio (Henry M. Russell and Russell & Russell, all of Wheeling, W. Va., and Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and JOHNSON, District Judge.

KNAPP, Circuit Judge. The original decree in favor of plaintiff, appellee here, was affirmed by this court on appeal. 202 Fed. 144, 120 C. C. A. 322. Afterwards a rehearing in part was granted, with the result that the case was remanded to the District Court, "for the

purpose of allowing the respective parties, in such manner and at such times as that court may prescribe, to put in such additional competent testimony as they may be advised upon the question of the ownership of the personal property as claimed in the said answer, and that said District Court do thereupon, upon the testimony in this cause and such additional testimony as may be introduced, proceed to a final decree upon such question, but that in the determination of the same the answer of the defendant, Emma Jane Kirkpatrick, shall have only such force and effect as if an answer under oath had been waived in the bill. * * *" 203 Fed. 449, 120 C. C. A. 328. Petition to the Supreme Court for a writ of certiorari was denied. 229 U. S. 612, 33 Sup. Ct. 772, 57 L. Ed. 1351.

Thereafter the limited question so reopened was referred to a special examiner for the taking of testimony and Mrs. Kirkpatrick was examined at unusual length. In the course of her cross-examination she repeatedly refused to answer questions which appear to be obviously legitimate and proper in view of her testimony in chief, and in each instance she stated that her refusal was based "upon the advice of counsel," and not upon any belief that the answer would tend to her incrimination. These questions were certified to the court, and plaintiff's counsel thereupon filed a petition to strike her testimony from the record or require her to appear and answer. Upon consideration of this petition, both parties being allowed to submit briefs, it was held in a careful opinion (McBride v. Kirkpatrick [D. C.] 207 Fed. 893) that defendant's entire testimony should be stricken from the record as incompetent under section 3945 of the West Virginia Code of 1906, and also because of her refusal to answer the questions certified. This left no substantial evidence in support of her ownership of the property in dispute, which the original decree had awarded to plaintiff, and that decree was accordingly reaffirmed.

Even if it be assumed that some portion of the voluminous testimony of Mrs. Kirkpatrick was not incompetent, under the statute which forbids one party to a transaction to testify when the other party is dead, we are of opinion that the court below was clearly right in excluding her entire deposition because of her refusal to answer pertinent questions on cross-examination. When she asserted, for example, that specified property was bought with her own funds, it was perfectly proper to ask her where she got the money. Indeed, the right to interrogate her upon that subject was so obvious as to make her refusal utterly inexcusable. The administration of justice requires full disclosure of the truth, and the attitude of evasion and concealment which plaintiff maintained "upon the advice of counsel" is not to be tolerated. The action of the court below in striking her testimony from the record, because of conduct which amounted to contumacy, was justified by the facts and circumstances of the case, and has the sanction of abundant authority. Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521; Thomson-Houston Electric Co. v. Jeffrey Mfg. Co. (C. C.) 83 Fed. 614.

The other questions raised are not of sufficient merit to call for discussion, and the decree appealed from is accordingly affirmed.

Affirmed.